# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY GUYETTE | ) | CIVIL ACTION NO. |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| THE UNITED TOOL AND DIE COMPANY | ) | |
| | ) | |
| DEFENDANT | ) | NOVEMBER  19, 2021 |

## COMPLAINT

### JURISDICTION AND VENUE

1.      This court has jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. Section 13312, because of the violation of the Age Discrimination in Employment Act, 29 United States Code Section 621.   In addition, the Court has supplemental jurisdiction over plaintiff's state law claims alleging a violation of the Connecticut Fair Employment Practices Act, C.G.S. Section 46a-60 (a)(1), pursuant to 28 U.S.C. Section 1367.

2.      This Court has personal jurisdiction over Defendant because it transacts business in the State of Connecticut. The claims for relief asserted herein arise out of Defendant's employment of plaintiff within the State of Connecticut.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391. Defendant regularly conducts business in this District. Defendant is domiciled in Connecticut.

### FIRST COUNT: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 UNITED STATES CODE SECTION 621.

4.      The plaintiff, Gary Guyette, is presently 65 years old.  His date of birth is February 2, 1956.

27862.1

5.      Plaintiff resides in Newington, Connecticut.

6.      The Defendant is The United Tool & Die Company which is a precision tool manufacturer located in West Hartford, Connecticut.  Defendant employees more than fifteen (15) employees.

7.      Plaintiff was employed by United Tool and Die Company beginning on June 23, 1997.  Plaintiff was qualified for the position.

8.      During plaintiff's tenure, he always performed in a satisfactory manner and received favorable performance reviews.  Plaintiff received various promotions.

9.      In the Fall of 2016, plaintiff was promoted to General Manager.  He was responsible for overseeing all operations, including quality control, order fulfillment, and customer relations. He was never disciplined or subject to any negative performance reviews in this position.

10.      In January of 2020, the Defendant hired a new Chief Operations Officer, Nick Lopes, who was 40 years old.

11.      Upon Mr. Lopes commencing work for Defendant, he instructed Mr. Guyette to no longer get involved in production operations. He demoted Mr. Guyette's title from General Manager to Senior Manager of Outside Processing. He moved Mr. Guyette out of his office into a downstairs office in the shop to share two desks with another coworker who was also Mr. Guyette's age and Mr. Lopes took over Mr. Guyette's office.

12.      Mr. Guyette's coworker, Maciej Pawelkiewicz, (date of birth 4/7/57) was also demoted by Mr. Lopes from Production Manager to Senior Manager of Internal Processes.

13.     Once Mr. Lopes became Chief Operations Officer, Mr. Pawelkiewicz and Mr. Guyette were excluded from production meetings and were no longer involved in any decisions about production.

14.     Mr. Lopes began hiring a number of new employees, Merita, Mike, Jacob, Adam and Chris, who were all in their thirties and much younger than Mr. Guyette and Mr. Pawelkiewicz. Their duties were then transferred to these younger, less experienced employees.

15.     After demoting Mr. Guyette, transferring his job duties to younger employees, excluding him from production meetings and product decisions, and taking over his office, Mr. Lopes would essentially ignore him in the workplace, which he believes was essentially done with the intent to get My. Guyette to quit.

16.     When Mr. Guyette would not quit the job for a company that he had worked for over 23 years and for which he had devoted considerable effort above and beyond his job, Mr. Lopes falsely accused him of slowing the production process by withholding information from customer account managers.

17.     On May 8, 2020, Mr. Guyette was given a written warning that falsely asserted he had withheld information and did not follow up on project responsibilities to communicate with supplies about projects. This was completely false. The written warning violated Connecticut law because it did not provide him with an opportunity to provide written comments, nor did it advise him that he had the right to submit comments in opposition.

18.     Despite the issuance of the false and illegal written warning and the continued efforts by Mr. Lopes to marginalize Mr. Guyette's role in the company due to his age, plaintiff refused to quit as he needed his job, company benefits and vehicle.  He planned to continue to work until age 70.

19.     On July 24, 2020, Mr. Guyette's coworker, Maciej Pawelkiewicz and Mr. Guyette were called into a meeting with Nick Lopes and Michelle Gara from human resources. They were told that our employment was being terminated due to lack of work. They were given a termination notice which also stated, "lack of work" as the reason for termination. This made absolutely no sense and was false because the company had plenty of work.

20.     Plaintiff charges Defendant, The United Tool and Die Company, with age discrimination based upon the following:

> a.     A significantly younger individual, Nick Lopes, was hired in January 2020 and he immediately made the decision to demote Mr. Guyette, take over his office, and transfer virtually all of his job duties and functions to significantly younger (under 40 years of age) new employees that he hired.
>
> b.     Mr. Lopes also excluded Mr. Guyette from production meetings and production decisions he had always been part of in an effort to artificially create a "lack of work" for him.
>
> c.     Mr. Lopes treated Mr. Guyette's coworker Maciej Pawelkiewicz, who was virtually the same age as him, in the same way, by demoting him, transferring his job duties to younger

employees, excluding him from production meetings, and then terminating him for a so-called lack of work; and

d.      By falsely stating that a lack of work was the reason for termination when in fact, the company had plenty of work, and continued to hire after Mr. Guyette's termination.

21.      Mr. Guyette's termination because of his age was discriminatory in the Age Discrimination in Employment Act, 29 United States Code Section 621.

22.      As a direct and proximate result of Defendant's age discrimination, plaintiff suffered and sustained significant damages including: lost wages, front pay, loss of benefits, loss of company vehicle, loss of retirement benefits, emotional distress, and attorney's fees.

23.      Plaintiff filed an administrative complaint with the CHRO and EEOC on January 11, 2021.  Plaintiff requested and received a release of jurisdiction from the CHRO on August 25, 2021 and from the EEOC on October 25, 2021.  Plaintiff has filed suit within 90 days of the release of jurisdiction.

**SECOND COUNT:  VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, C.G.S. SECTION 46A-60(A)(1)**

1-23.  Incorporate paragraphs 1-23 from the First Count.

24.      Mr. Guyette's termination because of his age is discriminatory in violation of the Connecticut Fair Employment Practices Act, C.G.S. Section 46(a)(1).

25.      As a direct and proximate result of Defendant's age discrimination, plaintiff suffered and sustained significant damages including: lost wages, front pay, loss of benefits, loss of company vehicle, loss of retirement benefits, emotional distress, and attorney's fees.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the plaintiff seeks the following relief:

    a)  An award of back pay lost wages;

    b)  An award of front pay lost wages;

    c)  Damages for loss of benefits;

    d)  Damages for embarrassment, mental distress and suffering;

    e)  Attorney's fees;

    f)   Punitive damages;

    g)  Liquidated damages for willful discrimination;

    h)  Prejudgment interest;

    i)   Costs; and such other relief that may be appropriate under Federal law.

THE PLAINTIFF:
GARY GUYETTE

By /s/ Kevin J. Greene
Kevin J. Greene of
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, CT 06103
Fed. Bar #ct 16742
Phone: 860.297.4670
Fax:     860-548-0006
greene@halloransage.com
Its Attorneys